JASPER M. GRIFFIN *v.* DANIEL E. HICKMAN.

[46 South., 73.]

COSTS. *Execution on judgment for costs only.* *Code* 1892, § 896; *Code* 1906, § 973. *Sale of land.*

An execution sale of land is void if the execution were issued in violation of Code 1892, § 896, providing that executions for costs only shall be directed to the sheriff or other proper officer of the county where the person resides from whom the money is sought.

FROM the chancery court of, first district, Chickasaw county. HON. JOHN Q. ROBINS, Chancellor.

Hickman, appellee, was complainant in the court below; Griffin, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Bradford & Harrington,* for appellant.

*A. T. Smith* and *Mayes & Longstreet,* for appellee.

The sale in this case was void because made in violation of Code 1892, § 896, providing that executions for costs only shall be directed to the sheriff or other proper officer of the county where the party from whom payment is sought to be coerced resides.

CALHOON, J., delivered the opinion of the court.

Appellee was the surety on the appeal bond from the court of a justice of the peace of a man who was in that court convicted of a misdemeanor. In the circuit court his appeal was dismissed, and there was a judgment of *procedendo* to the justice of the peace, and a judgment of damages against defendant and the sureties on his appeal bond for costs only, and award of execution for these costs. There were two sureties on the appeal bond, but the judgment does not name either. An execution was issued from the office of the circuit clerk for

these costs against appellee alone. This execution was issued and the costs taxed by the appellant, J. M. Griffin, who was at that time deputy circuit clerk. These costs amounted only to $10.70. No writ of execution appears in the record, but the sheriff's deed does recite that there was an execution. This writ of execution, or whatever it was, according to the sheriff's deed, was levied on the land in controversy, and it was sold and bought by this deputy circuit clerk, Griffin. At that time Hickman, the appellee, was a citizen and resident of Yalobusha county; the judgment and execution having been issued from the circuit court of Chickasaw county, and the levy made there. The purchase price of the land was an insignificant sum, and the appellee filed his bill to annul and vacate Griffin's title, and the chancery court annulled it, and decreed an accounting for the timber cut by Griffin.

Several points are raised in support of the chancellor's decree: First, that there was no valid judgment, because the record produced does not show where the court was organized or where the judgment was found, and does not name the parties to it; second, that the judgment under which the land was sold was void, because it does not give the names of the sureties. Another point is that the land was bought by Griffin, who was the deputy clerk who taxed the cost and issued the writ, and the writ cannot be found, and its absence cannot be supplied by recitals in the sheriff's deed. We prefer to rest our judgment on a fourth point, without considering the others. This sale, as we think, was void because Code 1892, § 896, which is the same as Code 1906, § 973, requires that writs of execution, in cases where the judgment is for costs only, shall be directed to the sheriff of the county where the party from whom the money is sought to be made resides. In the case before us Hickman, the appellee, was a resident of Yalobusha county, and not a resident of Chickasaw county, where the judgment for costs was rendered.

*Affirmed.*